IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**CODY GRAHAM,**

      **Plaintiff,**

v.                                                   **Civil Action No. 2:22-cv-00467**
                                                      **Honorable Irene C. Berger**

**JOHNNY WILSON, CO II DAVID EWING,
CORPORAL CHAYSE BROWN, CORPORAL
SNODGRASS, CO I TANNER SEARS,
SERGEANT MICHAEL SHAFFER, LT
MITCHELL, and CORPORAL SETH SUMMERS.**

      **Defendants.**

## AMENDED COMPLAINT

Comes now the Plaintiff, Cody Graham, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his Amended Complaint against the above-named Defendants, states as follows:

1. Plaintiff, Cody Graham (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the Mount Olive Correctional Center (hereinafter "MOCC"). Plaintiff is no longer incarcerated and resides in Summers County, West Virginia.

2. West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDOCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDOCR's principle or central office is located in Charleston, Kanawha County, West Virginia.

3. Defendants, Johnny Wilson, David Ewing, Corporal Chayse Brown, Corporal Snodgrass, and Tanner Sears are or were employed by the West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDOCR") as correctional officers at MOCC. Plaintiff alleges that Wilson, Ewing, Brown, Snodgrass, and Sears used excessive force against plaintiff by

slamming plaintiff to the ground and repeatedly punching/striking/hitting/beating plaintiff while he was incapacitated and subdued by correctional officers. These defendants are further liable pursuant to 42 USC § 1983 for the excessive force used against plaintiff when they failed to intervene and stop the beating of plaintiff. These defendants knew that the conduct was a violation of plaintiff's rights under the Eighth Amendment as a result of their training and legal precedent. Defendants had an opportunity and obligation to intervene but failed to do so as a result of their deliberate indifference towards the excessive force described herein. Defendants were acting under the color of state law at all times relevant herein.

4. Defendant Mitchell is and was employed by WVDOCR as a correctional officer. Plaintiff alleges that Defendant Mitchell used excessive force in violation of 42 U.S.C. § 1983 when he ordered that plaintiff be sprayed with O.C. spray and failing to decontaminate plaintiff from the O.C. spray. Defendant Mitchell further violated 42 U.S.C. § 1983 for refusing to handcuff and remove Mr. Graham from his cell when he was compliant, holding his hands out of the bean hole, and begging to be removed from the cell. Instead, Defendant Mitchell ordered an extraction team to remove Plaintiff from his cell which resulted in serious injuries to Plaintiff. Defendant Mitchell is further liable pursuant to 42 USC § 1983 for the excessive force used against plaintiff when he failed to intervene and stop the beating of plaintiff or to ensure that Plaintiff was properly decontaminated after he ordered Plaintiff to be sprayed with O.C. Defendant Mitchell knew that the conduct was a violation of plaintiff's rights under the Eighth Amendment as a result of his training and legal precedent. Defendant Mitchell had an opportunity and obligation to intervene as he stood and watched Plaintiff be beaten by the extraction team and while Plaintiff was not decontaminated. Defendant failed to intervene and was deliberately indifferent towards the excessive force described herein. Defendant Mitchell was acting under the color of state law at all

times relevant herein. Defendant Mitchell is also liable for outrageous conduct for ordering plaintiff be sprayed and then and failing to decontaminate plaintiff properly, failing to remove plaintiff from his cell when he was compliant, and standing by as the extraction team caused severe injuries to Plaintiff.

5. Defendant Shaffer is and was employed by the WVDOCR as a correctional officer. Plaintiff alleges that Shaffer used excessive force he sprayed him with O.C. spray, left Mr. Graham locked in a cell for roughly twenty minutes, and never decontaminated Mr. Graham. Defendant Shaffer is further violated Mr. Graham's rights under 42 USC § 1983 for refusing to handcuff and remove Mr. Graham from his cell when he was compliant, holding his hands out of the bean hole, and begging to be removed from the cell. Plaintiff further alleges outrageous conduct by Defendant Shaffer for spraying plaintiff and failing to decontaminate plaintiff properly. Defendant Shaffer was acting under the color of state law at all times relevant herein.

6. Defendant Summers is employed by the Defendant WVDOCR as a correctional officer. Plaintiff alleges that Summers worked in concert with the Defendants in the excessive force used against the Plaintiff. Defendant Summers was responsible for videotaping the extraction that took place. However, Defendant Summers intentionally positioned the camera so that he would not capture any of the incident on video. Defendant Summers videotaped the ground or officers' feet instead of the excessive force used against the Plaintiff. Defendant Summers was also deliberately indifferent when he failed to decontaminate Mr. Graham, as well as when he failed to intervene when Mr. Graham was beaten by the other correctional officers. Defendant was acting under the color of state law at all times relevant herein.

7. The willful and intentional acts of Defendants Wilson, Ewing, Brown, Snodgrass, Sears, Mitchell, Shaffer, and Summers resulted in plaintiff being injured. Plaintiff further asserts

that he is seeking damages up to an amount commensurate with the amount of insurance coverage when and if applicable to the claims made herein. Plaintiff is not asserting a 42 U.S.C. § 1983 claim against the WVDOCR, nor is he asserting a claim for punitive damages against the state agency. These Defendants are being sued in their individual capacities.

8. All events and occurrences alleged herein occurred in the State of West Virginia.

**FACTS**

9. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 8 as if set forth herein.

10. At all times relevant herein, Plaintiff was an inmate at MOCC.

11. On or about August 2, 2020, Plaintiff was locked in his cell in Quilliams Two Cell 607. Plaintiff was complaining to officers that he wanted to make a phone call to his mother for her birthday, but they refused to allow him to do so. While Plaintiff was complaining to Defendants Shaffer and Snodgrass, Defendant Shaffer sprayed Plaintiff with oleoresin capsicum (hereinafter "O.C.") spray. Upon information and belief, in his report Defendant Shaffer stated that he sprayed Plaintiff at the order of Lieutenant Mitchell. After Plaintiff was sprayed he began to comply with orders from the correctional officers and informed them he would come out of the cell. Plaintiff put his hands through the bean hole on multiple occasions and begged to be removed from the contaminated cell. However, Defendants Shaffer, Mitchell, and Snodgrass told Plaintiff that he had to put on contaminated boxers before he would be handcuffed and removed from his cell. Plaintiff was unable to dress himself due to his mental state, but did repeatedly try to comply and put his hands through the bean hole. Plaintiff was left covered in O.C. spray for roughly twenty minutes or more. Despite Plaintiff begging to be removed from the cell, showing signs of surrendering, and putting his hands through the bean hole, Defendants Shaffer, Mitchell, Snodgrass, and Summers refused to remove Mr. Graham from his cell. Meanwhile, the Defendants

assembled an extraction team and came to Plaintiff's cell. Defendants Wilson, Ewing, Brown, Snodgrass, and Sears made up the extraction team with Defendant Summers filming and Defendant Mitchell watching. Without giving Plaintiff any meaningful request or time to cuff up, the extraction team entered Plaintiff's cell and slammed him to the floor. Once Plaintiff was on the floor and subdued, he was beaten, punched, kicked, kneed and his extremities were pulled and manipulated to the point of breaking. Plaintiff was crying and pleading for the beating to stop. Plaintiff was dragged from his cell naked and badly beaten. As a result of the vicious and malicious beating, Plaintiff suffered a severe fracture to his right humerus. Plaintiff also suffered T1-T2 spine fractures, a left rib fracture, periorbital contusion, subconjunctival hemorrhage, blurry vision, and nerve damage. Plaintiff continues to suffer from the damage caused to his arm and has a large scar from surgery where a large rod and screws were placed in his arm. Plaintiff has not regained full function of his hand due to the nerve damage. Plaintiff was never decontaminated by any of the Defendants after he was removed from the cell. Defendant Summers knowingly participated in the beating (excessive force) when he intentionally videoed the feet of the COs or the floor rather than the conduct. Summers' conduct was intentionally carried out to hide the excessive force.

12. Defendants' conduct, carried out under the color of state law, violated WVDOCR's policy and procedure which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDOCR. This conduct also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States Constitution. At no time was plaintiff a threat to the defendants and at no time did plaintiff threaten the defendants.

## COUNT I - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGEOUS CONDUCT

13. Plaintiff realleges and incorporates paragraphs 1 through 12 above as if fully set forth herein.

14. Defendants Wilson, Ewing, Brown, Snodgrass, Sears, Shaffer, Mitchell, and Summers' conduct as described herein was carried out without just cause and was outrageous and intentional, proximately causing Plaintiff to suffer severe bodily injury, severe emotional distress, humiliation, embarrassment, mental distress and loss of personal dignity.

15. Defendants knew or should have known that such conduct was reasonably certain to cause severe emotional distress as well as physical harm. Despite said knowledge, defendants conducted themselves in an unlawful manner when they physically assaulted plaintiff, ordered plaintiff to put on contaminated boxers, failed to remove plaintiff from his cell, and failed to decontaminate plaintiff as previously described when plaintiff posed no threat or harm. Defendants' conduct was an excessive use of force and amounts to cruel and unusual punishment. Defendants' severe beating of plaintiff, failure to decontaminate plaintiff, and refusal to allow plaintiff out of his cell unless he put on contaminated boxers demonstrates defendants' malicious intent.

16. As a result of the vicious and malicious beating, Plaintiff suffered a severe fracture to his right humerus. Plaintiff also suffered T1-T2 spine fractures, a left rib fracture, periorbital contusion, subconjunctival hemorrhage, blurry vision, and nerve damage. Plaintiff continues to suffer from the damage caused to his arm and has a large scar from surgery where a large rod and screws were placed in his arm. Plaintiff has not regained full function of his hand due to the nerve damage. Plaintiff also suffered from severe burning from the O.C. spray. Plaintiff has suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been

greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the defendant as well as attorney's fees and costs pursuant to 42 U.S.C.§ 1988.

### COUNT II - VIOLATION OF 42 USC §1983/EXCESSIVE FORCE/CRUEL AND UNUSUAL PUNISHMENT

17. Plaintiff realleges and incorporates paragraphs 1 through 16 above as if fully set forth herein.

18. Defendants sprayed Plaintiff with O.C. spray when he was in his cell left him there for roughly twenty minutes. Defendants then failed to properly decontaminate plaintiff, even after he was removed from his cell. Plaintiff repeatedly attempted to put his hands through the bean hole to comply and cuff up and be removed from his cell. However, the Defendants refused to cuff Plaintiff up and instead told plaintiff he had to put on contaminated boxers. Despite Plaintiff begging to be removed from the cell, Defendant Mitchell sent in an extraction team that severely beat, kicked, punched, and brutalized Plaintiff who wasn't physically capable of dressing himself. This conduct was unwarranted, unnecessary and unjustified. Defendants' actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and were carried out under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. Defendants' use of excessive force on an incapacitated, but compliant inmate demonstrates the unconstitutional nature of the excessive force as well as the malicious intent.

19. The use of force on Plaintiff, repeatedly punching, kicking, kneeing, and beating on plaintiff when he posed no threat to himself or others was a violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from unreasonable intrusions

on his bodily integrity. Likewise, failing to decontaminate plaintiff after he was sprayed with O.C. spray, forcing him to put on contaminated boxers, and refusing to remove him from a contaminated cell was a violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity. Defendants' use of excessive force was cruel and unusual punishment. This cruel and unusual punishment was carried out without any just cause and was completely unwarranted. Correctional Officers such as the defendants receive training that identifies such conduct as a constitutional violation of an inmate's rights. The failure to make any effort to temper is further evidence of defendants' malicious conduct.

20. The conduct of the Defendants was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's right to be free from excessive force under the Eighth Amendment. Further, Defendants' acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights.

21. As a result of the vicious and malicious beating, Plaintiff suffered a severe fracture to his right humerus. Plaintiff also suffered T1-T2 spine fractures, a left rib fracture, periorbital contusion, subconjunctival hemorrhage, blurry vision, and nerve damage. Plaintiff continues to suffer from the damage caused to his arm and has a large scar from surgery where a large rod and screws were placed in his arm. Plaintiff has not regained full function to his hand due to the nerve damage. Plaintiff also suffered from severe burning from the O.C. spray. Plaintiff has suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the defendant as well as attorney's fees and costs pursuant to 42 U.S.C.§ 1988.

## COUNT III - VIOLATION OF 42 USC §1983
## DELIBERATE INDIFFERENCE – FAILURE TO INTERVENE

22. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

23. Defendants Wilson, Ewing, Brown, Snodgrass, Sears, Mitchell, Shaffer and Summers are liable pursuant to 42 USC § 1983 for the excessive force used against plaintiff.

24. Specifically, Defendants Wilson, Ewing, Brown, Snodgrass, Sears, Mitchell, and Summers had a duty to intervene and stop the beating of plaintiff. These defendants knew that the beating of Plaintiff was a violation of plaintiff's rights under the Eighth Amendment as a result of their training and legal precedent. These Defendants were also deliberately indifferent when they stood by and let other Defendants viciously beat and injure plaintiff when he was not a threat to himself or the officers. Defendants had an opportunity and obligation to intervene but failed to do so as a result of their deliberate indifference towards the excessive force described herein.

25. Defendants Defendants Wilson, Ewing, Brown, Snodgrass, Sears, Mitchell, Shaffer, and Summers all had a duty to decontaminate Plaintiff after he was sprayed with O.C. spray. It is well established that failure to decontaminate can give rise to an Eighth Amendment claim. *Mann v. Failey*, No. 13-6446 (4th Cir. 2014) unpublished citing *Williams v. Benjamin*, 77 F.3d 756, 68 (4th Cir. 1996). *See also Woodard v. Wintons*, 2:16-cv-704 (S.D. Ohio 2018) (summary judgment on claim for failure to decontaminate is improper); *Wilson v. Swiney*; 7:16-cv-0332 (W.D. Va. 2017) (allegation of failure to decontaminate states a possible claim and defendants not entitled to summary judgment.). Plaintiff was never decontaminated after he was sprayed and beaten in this matter.

26. As a result of the outrageous conduct of the Defendants, Defendant WVDOCR is vicariously liable to Plaintiff. As a result of this conduct, Plaintiff suffered a severe fracture to his

right humerus. Plaintiff also suffered T1-T2 spine fractures, a left rib fracture, periorbital contusion, subconjunctival hemorrhage, blurry vision, and nerve damage. Plaintiff continues to suffer from the damage caused to his arm and has a large scar from surgery where a large rod and screws were placed in his arm. Plaintiff has not regained full function to his hand due to the nerve damage. Plaintiff also suffered from severe burning from the O.C. spray Plaintiff has suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the defendant as well as attorney's fees and costs pursuant to 42 U.S.C.§ 1988.

WHEREFORE, for the reasons set forth in this Amended Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical expenses, past and future medical expenses, damages for emotional and mental distress and punitive damages (against the individual defendants only), court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses. Plaintiff does not seek punitive damages from the WVDOCR.

PLAINTIFF DEMANDS A TRIAL BY JURY.

CODY GRAHAM,
By Counsel,

/s/ Paul Stroebel
Paul E. Stroebel, Esquire (WV BAR 13269)
Stroebel & Stroebel, P.L.L.C.
P.O. Box 2582
Charleston, WV 25329